IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT
DISTRICT OF NEW MEXICO

99 JAN -7 PM 2:07

Robert M. March
CLERK-ALBUQUERQUE

BEN LEWIS, AARON NORRID, BILLY JO
QUISENBERRY, and FRED ROMERO, by and
through their legal guardian and next friend
THE ARC OF NEW MEXICO, BREANNE
LIDDELL, by and through her parent and legal
guardian JUDY LIDDELL, MATTHEW ALLEN,
by and through his parents and legal guardians
JIM and ANGELA ALLEN, FAYE MORGAN,
DEBORAH EMINGER and PROTECTION AND
ADVOCACY SYSTEM, INC.,

    Plaintiffs,

v.

NEW MEXICO DEPARTMENT OF HEALTH,
NEW MEXICO DEPARTMENT OF HUMAN
SERVICES, J. ALEX VALDEZ, Secretary of the
Department of Health and Secretary Designee of the
Department of Human Services in his official
capacities, and GOVERNOR GARY JOHNSON
in his official capacity,

    Defendants.

No. CIV 99 0021 MV LESLIE C. SMITH

JURY TRIAL DEMANDED

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
AND INJUNCTIVE RELIEF**

Plaintiffs for their Complaint state:

1. This is an action for declaratory and injunctive relief to declare the Plaintiffs' rights under and to remedy the Defendants' violations of the Medicaid Act, 42 U.S.C. §§1396 et seq., and implementing regulations, and the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq., and implementing regulations, and to redress the deprivation of Plaintiffs' constitutionally protected rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United

States Constitution. Plaintiffs seek to remedy the pervasive and systematic failure of the Defendants to provide them and other individuals with disabilities with medically necessary services in a reasonably prompt manner in sufficient quantity to meet their needs as required by federal law. This action is brought under 42 U.S.C. §1983, 28 U.S.C. §2201 et seq., and 42 U.S.C. §12101.

2. Plaintiffs seek a declaration that the manner in which the Defendants operate two Medicaid "Home and Community-Based Services Waiver ("HCBWS")" programs under the Social Security Act and their agreement with the United States government, violates the Medicaid Act and the Americans with Disabilities Act, and violates their rights under the Fifth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. §1983. The two HCBWS programs at issue are the "Developmental Disabilities Home and Community-Based Services Waiver" (hereinafter the "DD Waiver"), and the "Disabled and Elderly Home and Community-Based Services Waiver" hereinafter the "D&E Waiver").

3. HCBWS programs are categories of Medicaid services established to provide cost-effective alternatives to institutional care for individuals like the Plaintiffs herein. 42 U.S.C. §1396n(c); 42 C.F.R. §440.180.

4. Plaintiffs seek injunctive relief directing the Defendants to comply with their obligations under 42 U.S.C. §§1396 et seq., to provide them with Medicaid assistance, and more specifically, DD and D&E waiver services, with reasonable promptness, and to comply with their obligations under Section 12132 of the ADA to provide them with services in the most integrated setting appropriate to their needs.

5. Plaintiff Ben Lewis is a citizen of the United States, resident of Bernalillo County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded

Medicaid program. The Arc of New Mexico, a non-profit New Mexico corporation, is Ben Lewis' legal guardian and brings this action on his behalf pursuant to Fed. R. Civ. P. 17(C). Plaintiff Lewis resided at Sun Village in Las Cruces, a federally funded, Intermediate Care facility for the Mentally Retarded (hereinafter "ICF/MR") from 1993 to 1996. Mr. Lewis has been on the waiting list for DD Waiver services since 1994. He was transferred to another ICF/MR in Albuquerque in 1996 because of significant deterioration in his health and because no alternative services and funding were available to permit his placement in a less restrictive, smaller community setting.

6. Plaintiff Aaron Norrid is a citizen of the United States, resident of Rio Arriba County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded Medicaid program. The Arc of New Mexico, a non-profit New Mexico corporation, is Aaron Norrid's legal guardian and brings this action on his behalf pursuant to Fed. R. Civ. P. 17(C). Plaintiff Norrid currently resides in an ICF/MR in Taos, New Mexico operated by Santa Maria El Mirador. He was transferred from another ICF/MR operated by Santa Maria El Mirador in Alcalde, New Mexico, because no services and funding were available to permit placement in a less restrictive, smaller community setting. Mr. Norrid was placed on the DD Waiver waiting list in 1993 when he was a resident of the CARC Farm, an ICF/MR facility located in Carlsbad, New Mexico, where he resided for nine years.

7. Plaintiff Billy Jo Quisenberry is a citizen of the United States, a resident of Lincoln County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded Medicaid program. The Arc of New Mexico, a non-profit New Mexico corporation, is Billy Jo Quisenberry's legal guardian and brings this action on her behalf pursuant to Fed. R. Civ. P. 17(C). Ms. Quisenberry is a resident of the Ruidoso Care Center ("the Care Center"), an ICF/MR

3

in Ruidoso, New Mexico. She has resided at the Care Center since March, 1992. She was placed on the DD Waiver waiting list in 1994.

8. Plaintiff Fred Romero is a citizen of the United States, a resident of Lincoln County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded Medicaid program. The Arc of New Mexico, a non-profit New Mexico corporation, is Fred Romero's legal guardian and brings this action on his behalf pursuant to Fed. R. Civ. P. 17(C). Plaintiff Romero has resided at the Ruidoso Care Center since 1981 and has been a resident of the ICF/MR unit at the Care Center since 1991. Mr. Romero was placed on the DD waiver waiting list in 1994. His medical status remains stable with no acute change or deterioration in his condition. Despite a critical need for an alternative placement out of the Care Center, Mr. Romero is unable to access DD Waiver services which would permit him to move to an alternative, less restrictive placement in the community.

9. Plaintiff Breanne Liddell is a citizen of the United States, resident of Bernalillo County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded Medicaid program. Judy Liddell is Breanne Liddell's parent, next friend and legal guardian and brings this action on her behalf pursuant to Fed. R. Civ. P. 17(C). Plaintiff Liddell has been on the waiting list for DD Waiver services since March of 1996 and has not received any such services since that time.

10. Plaintiff Matthew Allen is a citizen of the United States, resident of Santa Fe County, New Mexico, has developmental disabilities, and is eligible to participate in the federally and state funded Medicaid programs. Jim and Angela Allen are his parents, next friends and legal guardians, and bring this action on his behalf pursuant to Fed. R. Civ. P. 17(C). Plaintiff Allen has been on the

waiting list for DD Waiver services since December of 1994 and has not received any such services since that time.

11. Plaintiff Faye Morgan, age 70, is a citizen of the United States, resident of Curry County, New Mexico, and is eligible to participate in federally and state funded Medicaid programs. Plaintiff Morgan is disabled on account of severe Chronic Obstructive Pulmonary disease. She has limited mobility, suffers from other ailments, and requires numerous medications and 24-hour oxygen. Her husband, age 79, is himself quite ill. Plaintiff Morgan adamantly wishes to avoid nursing home placement, and has sought D&E Waiver services for over two years, but is on a waiting list for the services.

12. Plaintiff Deborah Eminger, age 45, is a citizen of the United States, resident of Roosevelt County, New Mexico, and is eligible to participate in federally and state funded Medicaid programs. She is disabled on account of severe medical arthritis, which is worsening, and she has limited mobility. Her husband, who suffers from emphysema, now receives D&E Waiver services and is currently hospitalized, but Plaintiff Eminger's needs go unmet. Plaintiff Eminger adamantly wishes to avoid nursing home placement, and has sought D&E Waiver services for over two years, but is on a waiting list for the services.

13. None of the Plaintiffs identified above are <u>Jackson</u> class members.

14. Plaintiff New Mexico Protection and Advocacy System, Inc. (P&A) is the agency authorized by the United States Congress to advocate for the rights of persons with disabilities throughout the state of New Mexico. Plaintiff P&A has the authority to pursue legal remedies to ensure the protection of the rights of individuals with developmental and other disabilities. 42 U.S.C. §6042(a)(2)(A)(1); 29 U.S.C. §794e.

5

15. Defendant New Mexico Department of Health is an agency of the State of New Mexico responsible for developing and implementing the provision of Medicaid Home and Community-Based Services Waiver (HCBWS) services to disabled individuals such as the individual Plaintiffs.

16. Defendant J. Alex Valdez is the Secretary of the New Mexico Department of Health, and is responsible for all administrative, policy, budgetary and personnel matters for the Department of Health, including those which affect New Mexico's participation in Medicaid HCBWS programs, for the decisions which result in the funding of, placement in and maintenance of disabled persons in such programs, for the provision of Medicaid HCBWS services to disabled individuals such as the Plaintiffs, and for the direction, supervision and control of the agency which provides or arranges services to all persons with developmental disabilities. Defendant Valdez is also responsible for ensuring that DOH operates in conformity with federal law.

17. Defendant New Mexico Department of Human Services is the "single state agency" of the State of New Mexico responsible for the Administration of the Medicaid program in New Mexico. 42 U.S.C. §1396a(a)(5); 42 C.F.R. §431.10.

18. Defendant J. Alex Valdez is also Secretary-Designee of the New Mexico Department of Human Services and is responsible for all administrative, policy, budgetary and personnel matters for the Department of Human Services, including those which affect New Mexico's participation in Medicaid HCBWS programs, and for the decisions which result in the funding of, placement in and maintenance of disabled persons in such programs. Defendant Valdez is also responsible for ensuring that HSD is operated in conformance with federal law.

19. Defendant Governor Gary Johnson is the chief executive officer of the State of New

Mexico, is obligated to uphold both the New Mexico and United States Constitutions, and is responsible for supervising Defendant Valdez' administration of HSD and DOH. Defendant Gary Johnson is also responsible for proposing an adequate budget to the state legislature for DOH and HSD, and for ensuring that Defendant Valdez operates HSD and DOH in conformity with all applicable state and federal laws. Defendant Gary Johnson is also responsible for directing, supervising and controlling the executive departments of State government including the Department of Health and the Department of Human Services.

20. At all material times the Defendants acted under color of state law.

21. All of the individual Defendants are named and sued solely in their official capacities.

22. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, 42 U.S.C. §12133, and 28 U.S.C. §1331 and §1343(3) and (4). The actions complained of herein occurred in New Mexico and venue is therefore proper and is otherwise appropriate.

### COUNT I - VIOLATION OF 42 U.S.C. §1983; FAILURE TO PROVIDE MEDICAID DD WAIVER SERVICES WITH REASONABLE PROMPTNESS

23. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

24. New Mexico voluntarily participates in the federal Medicaid program under 42 U.S.C. §§1396 et seq., and as a condition of its participation in that program, must ensure that services which are medically necessary for eligible persons with developmental disabilities are provided to them in a reasonably prompt manner. The Medicaid program in New Mexico includes the provision of services to persons with developmental disabilities such as Plaintiffs, including services through the DD Waiver program.

25. The Plaintiffs are eligible for and have applied for services under the DD Waiver

program. Plaintiffs applied for such services several years prior to the filing of this Complaint.

26. Federal law requires any State which has elected to participate in the Medicaid program under 42 U.S.C. §§1396 et seq., to provide all services including DD Waiver services to eligible persons with reasonable promptness. 42 U.S.C. §1396a(a)(8); 42 C.F.R. §435.930.

27. Plaintiffs have not been provided with any such services despite the fact they applied for such services several years ago. Instead, the Defendants have placed Plaintiffs Lewis, Norrid, Quisenberry, Romero, Allen and Liddell (hereinafter collectively referred to as DD Waiver Plaintiffs) on a "waiting list", which is comprised of a list of persons who have applied for DD Waiver services, but whom have not received any such services.

28. Upon information and belief, the Defendants have failed to provide DD Waiver services to other individuals besides DD Waiver Plaintiffs on this waiting list for over eight and one-half years.

29. Defendants have administered and continue to administer the state Medicaid system in a manner which limits the availability of DD Waiver services to the DD Waiver Plaintiffs and other similarly situated persons, and which precludes the provision of such services to the Plaintiffs and others in a reasonably prompt manner.

30. The failure to provide Medicaid DD Waiver services to eligible individuals with reasonable promptness is proximately caused by the Defendants' arbitrary and unreasonable policies, practices and funding decisions, their failure to request and allocate sufficient funding for Medicaid waiver service programs, and their failure to fill existing positions of employment within the New Mexico Departments of Health and Human Services, and to create and fund new positions of employment within those agencies which are needed to administer the Medicaid waiver program in

accordance with the requirements of federal law.

31. Defendants' failure to provide Medicaid DD Waiver services to eligible individuals in a reasonably prompt manner violates Plaintiffs' rights under the Social Security Act and its implementing regulations and the Fifth and Fourteenth Amendments to the United States Constitution, and thus constitutes a violation of 42 U.S.C. §1983.

32. Plaintiffs have suffered harm, and will continue to suffer harm in the future as a direct and proximate result of the Defendants' violations of Plaintiffs' federally guaranteed rights to receive medically necessary services in a reasonably prompt manner.

## COUNT II - VIOLATION OF 42 U.S.C. §1983; FAILURE TO PROVIDE MEDICAID D&E WAIVER SERVICES WITH REASONABLE PROMPTNESS

33. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

34. New Mexico voluntarily participates in the federal Medicaid program under 42 U.S.C. §§1396 et seq., and as a condition of its participation in that program, must ensure that services which are medically necessary for eligible persons with disabilities are provided to them in a reasonably prompt manner. The Medicaid program in New Mexico includes the provision of services to persons with disabilities such as Plaintiffs Morgan and Eminger, including services through the D&E Waiver program.

35. Plaintiffs Morgan and Eminger are eligible for and have applied for services under the D&E Waiver program. Plaintiffs applied for such services over two years prior to the filing of this Complaint.

36. Federal law requires any State which has elected to participate in the Medicaid program under 42 U.S.C. §§1396 et seq., to provide all services including D&E Waiver services to eligible

persons with reasonable promptness. 42 U.S.C. §1396a(a)(8); 42 C.F.R. §435.930.

37. These Plaintiffs have not been provided with any such services despite the fact they applied for such services over two years ago. Instead, the Defendants have placed these Plaintiffs on a "waiting list", which is comprised of a list of persons who have applied for D&E Waiver services, but whom have not received any such services.

38. Upon information and belief, the Defendants have failed to provide D&E Waiver services to other individuals besides Plaintiffs Morgan and Eminger on this waiting list for over eight and one-half years.

39. Defendants have administered and continue to administer the state Medicaid system in a manner which limits the availability of D&E Waiver services to Plaintiffs Morgan and Eminger and other similarly situated persons, and which precludes the provision of such services to these Plaintiffs and others in a reasonably prompt manner.

40. The failure to provide Medicaid D&E Waiver services to eligible individuals with reasonable promptness is proximately caused by the Defendants' arbitrary and unreasonable policies, practices and funding decisions, their failure to request and allocate sufficient funding for Medicaid waiver service programs, and their failure to fill existing positions of employment within the New Mexico Departments of Health and Human Services, and to create and fund new positions of employment within those agencies which are needed to administer the Medicaid waiver program in accordance with the requirements of federal law.

41. Defendants' failure to provide Medicaid waiver services to eligible individuals in a reasonably prompt manner violates Plaintiffs' rights under the Social Security Act and its implementing regulations and the Fifth and Fourteenth Amendments to the United States

Constitution, and thus constitutes a violation of 42 U.S.C. §1983.

42. Plaintiffs have suffered harm, and will continue to suffer harm in the future as a direct and proximate result of the Defendants' violations of Plaintiffs' federally guaranteed rights to receive medically necessary services in a reasonably prompt manner.

### COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; FAILURE TO PLACE PLAINTIFFS IN LEAST RESTRICTIVE SETTING (DD WAIVER)

43. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

44. The individual DD Waiver Plaintiffs are qualified individuals with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. §12131(2).

45. The DD Waiver program is a public service covered by Title II of the Americans with Disabilities Act 42 U.S.C. §§12115 et seq.

46. Defendants are governmental entitles, covered by Title II of the Americans with Disabilities Act 42 U.S.C. §§12115 et seq.

47. The Americans with Disabilities Act requires that governmental entities administer programs in the most integrated setting appropriate to the needs of the individual with disabilities. 28 C.F.R. 35.130(d). Institutions, including ICF/MRs, are a more segregated setting than HCBWS services settings.

48. Because Plaintiffs Lewis, Norrid, Quisenberry and Romero have been denied services under the DD Waiver, they are not able to reside in the most integrated setting appropriate to their needs.

49. Because these Plaintiffs have been denied services under the DD Waiver, they are at risk of being transferred to an even more segregated setting, a skilled nursing facility.

11

50. By failing to make DD Waiver services available to these Plaintiffs and confining them to institutions, Defendants are in violation of the Americans with Disabilities Act.

### COUNT IV - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; FAILURE TO PLACE PLAINTIFFS IN LEAST RESTRICTIVE SETTING (D&E WAIVER)

51. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

52. The individual Plaintiffs are qualified individuals with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. §12131(2).

53. The D&E Waiver program is a public service covered by Title II of the Americans with Disabilities Act 42 U.S.C. §§12115 et seq.

54. Defendants are governmental entitles, covered by Title II of the Americans with Disabilities Act 42 U.S.C. §§12115 et seq.

55. The Americans with Disabilities Act requires that governmental entities administer programs in the most integrated setting appropriate to the needs of the individual with disabilities. 28 C.F.R. 35.130(d). Institutions, including nursing facilities, are a more segregated setting than HCBWS services settings.

56. Because Plaintiffs Morgan and Eminger have been denied services under the D&E Waiver, they are at risk of being unable to receive services and reside in the most integrated setting appropriate to their needs.

57. Because these Plaintiffs have been denied services under the D&E Waiver, they are at risk of being transferred to a more segregated setting, a skilled nursing facility.

58. By failing to make D&E Waiver services available to these Plaintiffs and confining them to institutions, Defendants are in violation of the Americans with Disabilities Act. Upon information

and belief, the Defendants have failed to provide D&E Waiver services to other individuals who needlessly reside in nursing facilities. Plaintiff P&A claims that this failure constitutes a violation of the Americans with Disabilities Act.

## COUNT V - DECLARATORY JUDGMENT

59. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

60. Plaintiffs bring this claim for declaratory relief pursuant to 28 U.S.C. §2201.

61. An actual controversy exists between the Plaintiffs and the Defendants with respect to the nature and extent of the Plaintiffs' rights under the Americans with Disabilities Act (ADA), the federal Medicaid laws and regulations including 42 U.S.C. §1396(a)(8), and with respect to whether the Defendants are required by federal law to provide Plaintiffs with necessary medical treatment and services with reasonable promptness, whether the Defendants are complying with this obligation, and what the Medicaid laws and regulations and the United States Constitution oblige the Defendants to do in the way of providing necessary services to the Plaintiffs.

62. Plaintiffs request that this Court declare the rights and obligations of the respective parties under applicable federal Medicaid laws and regulations, the Americans with Disabilities Act, and the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

1. Declare that the Defendants have violated the Plaintiffs' rights under the Social Security Act and implementing regulations by failing and refusing to provide them with HCBWS services in a reasonably prompt manner;

2. Declare that the Defendants have violated the Plaintiffs' rights under the Americans with Disabilities Act and implementing regulations by failing to provide them with HCBWS services and

thus failing to provide them with services in the most integrated setting appropriate to their needs;

3. Declare that the Defendants have violated the Plaintiffs' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution;

4. Enter a permanent injunction requiring Defendants to provide the Plaintiffs and other similarly situated persons with medically necessary HCBWS services with reasonable promptness;

5. Enter a permanent injunction requiring the Defendants to provide the Plaintiffs with services in the most integrated setting appropriate to their needs;

6. Award Plaintiffs reasonable attorneys' fees and costs; and

7. Award such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    SANDERS & WESTBROOK, P.C.

    By: _____
    Duff Westbrook
    812 Marquette NW
    Albuquerque, New Mexico 87102
    (505) 243-2243

    *Attorneys for Plaintiffs Ben Lewis, Aaron Norrid, Billy Jo Quisenberry, Fred Romero, The Arc of New Mexico, Breanne Liddell, and Matthew Allen*

PROTECTION & ADVOCACY
SYSTEM, INC.

By: /s/ Michael C. Parks
Michael C. Parks
V. Colleen Miller
1720 Louisiana Blvd. NE, #204
Albuquerque, New Mexico 87110
(505) 256-3100

*Attorneys for Plaintiffs Faye Morgan, Deborah Eminger and Protection and Advocacy System, Inc.*

15