IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEN LEWIS, et al.,

       Plaintiffs,

vs.                                                                                Civ. No. 99-21 MV/WWD

NEW MEXICO DEPARTMENT OF
HEALTH, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' First Motion to Compel filed February 4, 2000. The motion seeks an Order directing Defendants to produce three documents, to wit: the List of 1998 regional allocations ( Item #4 of Defendants' Privilege Log); "Memorandum from Rita Willis, County Director ...dated October 15, 1999, re: Aaron Norrid information" (Item #6 of Defendants' Privilege Log); and the "central registry" or " waiting list" used by Defendants in administering the waiver programs which are the subject of this lawsuit. Plaintiffs argue that the documents sought should have been provided as a part of the Defendants' initial disclosures under Fed. R. Civ. P. 26(a)(1)(B). Defendants contend that since the first document contains personal and confidential information about non parties, the Plaintiffs have not shown that the sought document is "relevant to disputed facts alleged with particularity in the pleadings, " as required under Fed. R. Civ. P. 26(a)(d)(B). Defendants contend that the second document sought, Item #6 of Defendants' Privilege Log, a memorandum from a Human Services

-1-

Department ("HSD") County Director to an HSD Assistant General Counsel is protected under the attorney client privilege or that it is work product. Defendants contend that the third item sought, an unredacted copy of the "Central Registry" or "waiting list" of qualified individuals with developmental disabilities or who were disabled and elderly is confidential as a matter of law and that, in any event, its production at this time would be premature.

DISCUSSION.

I agree with Defendants that the first and third items sought through the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1)(B) do not have to be produced in unredacted form under that rule. While the documents may well be discoverable in one form or another, I do not find that they must be produced in their raw, unedited, uncoded, unredacted form as initial disclosures. Accordingly such production will not be ordered at this time.

The second item listed above, the "Memorandum from Rita Willis, County Director ...dated October 15, 1999, re: Aaron Norrid information" (Item #6 of Defendants' Privilege Log), may be privileged; however, I will not be able to make this determination until I see the document. Accordingly, a true and correct copy of that memorandum shall be delivered to me on or before February 23, 2000, for an *in camera* inspection.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE