IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BEN LEWIS, AARON NORRID, BILLY JO
QUISENBERRY and FRED ROMERO, by and
through their legal guardian and next of friend
THE ARC OF NEW MEXICO, BREANNE
LIDDELL, by and through her parent and legal
guardian JUDY LIDDELL, MATTHEW ALLEN,
by and through his parents and legal guardians
JIM and ANGELA ALLEN, FAY MORGAN,
DEBORAH EMINGER and PROTECTION AND
ADVOCACY SYSTEM, INC.,

     Plaintiffs,

vs.                                                                         No. CIV 99-21 MV/WWD

NEW MEXICO DEPARTMENT OF HEALTH,
NEW MEXICO DEPARTMENT OF HUMAN
SERVICES, J. ALEX VALDEZ, Secretary of the
Department of Health and Secretary Designee of the
Department of Human Services in his official
capacities, and GOVERNOR GARY JOHNSON
in his official capacity,

     Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Stay Discovery, filed May

4, 2000 **[Doc. No. 78]**; and Defendants' Motion to Stay All Proceedings Pending Appeal, filed

May 5, 2000 **[Doc. No. 82]**.[1] The Court, having considered the briefs, relevant law and being otherwise fully informed, finds that the Motion to Stay All Proceedings Pending Appeal is well taken and will be granted and that the Motion to Stay Discovery will be denied as moot.

## BACKGROUND

This action was brought by individuals who are eligible to participate in Medicaid programs because they have physical or developmental disabilities or because of their advanced age, and Protection and Advocacy – an agency that advocates for the rights of persons with disabilities. Plaintiffs complain that they have been seeking certain Medicaid waiver services – less restrictive home and community-based services, in place of the institutional services they now receive, but have been on waiting lists for such services for several years. They seek a declaration that Defendants are violating portions of the Medicaid Act and the Americans with Disabilities Act ("ADA") by failing to provide waiver services with reasonable promptness and in the most integrated setting appropriate to Plaintiffs' individual needs. Plaintiffs also seek an injunction requiring Defendants to provide waiver services in keeping with these requirements.

On April 24, 2000, this Court issued its Amended Memorandum Opinion and Order denying Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying in part and granting in part Defendants' motion to dismiss based on sovereign immunity and motion to dismiss Defendant Governor Johnson. The Court held that Plaintiffs could not

---

[1] The parties and the Court agreed upon a mutually agreeable expedited briefing schedule so as to resolve this issue before several discovery deadlines had passed. Accordingly, the parties were not required to comply with the local "packet" briefing requirement, *see* D.N.M. LR-Civ. 7.3(a)(5), and the Defendants did not submit a reply brief to Plaintiffs' response.

maintain claims under the ADA against the individual defendants and therefore dismissed those claims. However, the Court held that Plaintiffs could maintain their other causes of action, finding that they were not barred by Eleventh Amendment sovereign immunity. On May 2, 2000, Defendants filed their Notice of Appeal, indicating their intention to appeal those portions of the Court's April 24 decision addressing Eleventh Amendment issues and other issues over which the Tenth Circuit may have pendent appellate jurisdiction. Now before the Court are two motions to stay filed by Defendants.

## ANALYSIS

Defendants filed a motion to stay discovery, arguing that discovery should be stayed pending the Court's decision on Defendants' motions to dismiss, in particular its motions based on the doctrine of sovereign immunity to achieve the purposes of the Eleventh Amendment and because the discovery was unduly burdensome. Because the Court has ruled on Defendants' motions to dismiss and decided the sovereign immunity issues, the Court finds the primary ground for this motion to stay discovery is moot. This motion is also moot because, as explained below, the Court will grant Defendants' second motion to stay.

Defendants' second motion to stay asserts essentially three bases for staying this action pending Defendants' appeal. First, Defendants contend that this Court must stay proceedings pending the appeal because it lacks jurisdiction over the case now that they have filed their notice of appeal. Second, Defendants aver that even if this Court has jurisdiction, the purpose of state sovereign immunity is to protect states from burdensome litigation, and therefore their Eleventh Amendment defense will only be preserved if all proceedings are stayed pending a decision by the

Tenth Circuit on their sovereign immunity. Third, Defendants assert that it is important to stay this action because the litigation is "interrupt[ing] operations of State government and services to citizens with disabilities." *Memorandum in Support of Defendants' Motion to Stay All Proceedings Pending Appeal*, at 6.

As to Defendants' first two contentions, Plaintiffs respond that Defendants' appeal of the Courts' sovereign immunity decision does not affect its claims for declaratory judgment brought under § 1983. Accordingly, though it might be appropriate to stay an action where a defense to the entire action was being appealed, Plaintiffs assert that this is not such a case. Plaintiffs also oppose Defendants' argument that discovery should be stayed because it is unduly burdening state agency operations.

The Court turns first to the argument Defendants made in both motions for stay that to allow discovery to continue would unduly burden state operations and the provision of services to persons with disabilities. Though Defendants discuss for several pages in their motions the burden that would be placed on the Defendant state agencies if discovery is not stayed and attach affidavits by state employees stating that complying with Plaintiffs' discovery requests would require extensive amounts of time, Defendants do not cite *any* legal authority supporting their contention that such conditions warrant a stay of discovery. While this Court is not unsympathetic to the many responsibilities of State agencies, the argument that litigation interferes with governmental operations could be made as to any lawsuit against a governmental entity, and is insufficient to interfere with litigation regarding whether State agencies are complying with the mandates of federal law.

Now, the Court turns to the jurisdictional issue. The filing of a timely notice of appeal

4

transfers the matters on appeal from the district court to the court of appeals. *See Griggs v. Provident Consumer Discount Co.*, 596 U.S. 56, 58 (1982); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990); *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). However, the district court retains jurisdiction over collateral matters not involved in the appeal. *Garcia*, 818 F.2d at 721. As the Supreme Court explained in *Griggs*,

> The filing of a notice of an appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.

*Griggs*, 596 U.S. at 58 (emphasis added). A critical issue in this case is which aspects of the Court's April 24, 2000 Order are on appeal because this Court is only divested of jurisdiction over those issues. Defendants correctly cite to the rule that when a party takes an immediate appeal as a matter of right with respect to a complete defense of the action, the filing of the notice of appeal "divests the district court of jurisdiction to proceed with the entire action against an appealing defendant." *Stewart*, 915 F.2d at 576. However, Plaintiffs argue that this rule does not apply to the case at bar because Defendants cannot be appealing the denial of the Eleventh Amendment defense to the claims for declaratory action, but rather, only for those claims seeking injunctive relief. As explained below, the Court does not find this argument persuasive.

Defendants have filed a notice of appeal of the Court's April 24, 2000 Order under the collateral order doctrine which permits parties to file interlocutory appeals of a district court's denial of sovereign immunity. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). The notice of appeal states that Defendants are appealing those portions of the Court's order "denying Defendants' Motion to Dismiss Based on Sovereign Immunity and other rulings from the same order over which the Court has pendent appellate

5

jurisdiction." *Notice of Appeal,* at 1. Plaintiffs oppose the broad scope of Defendants' appeal, arguing that the appeal of the denial of sovereign immunity does not include the claims for declaratory judgment and that Defendants cannot appeal anything but their sovereign immunity claims under pendent appellate jurisdiction. Plaintiffs are correct that pendent appellate jurisdiction should be used sparingly. *See Natale v. Town of Ridgefield*, 927 F.2d 101 (2nd Cir. 1991). However, the Court need not reach the pendent jurisdiction issue because it finds that Defendants' appeal of the sovereign immunity issues does address all of Plaintiffs' claims.

Plaintiffs argue that Defendants' appeal of the sovereign immunity motion does not apply to all of Plaintiffs' claims. In this suit, Plaintiffs seek declaratory and injunctive relief pursuant to portions of the Medicaid Act and the ADA and their respective implementing regulations and bring suit against both state agencies and state officials. Defendants moved to have the entire Complaint dismissed based on the defense of sovereign immunity. As discussed in detail in the Court's April 24 Order, this case implicates distinct Eleventh Amendment issues. As to the ADA claims, the Court had to analyze whether the relevant portions of the statute and regulation relied upon by Plaintiffs in this case validly abrogated state sovereign immunity. As to Plaintiffs' claims against the state officials under §1983, the Court had to decide whether these claims were allowed under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). Under the *Ex parte Young* doctrine the Eleventh Amendment does not bar a suit for prospective equitable relief against a state official who violates federal law. Plaintiffs now argue that their claims for declaratory judgment are not subject to the Defendants' asserted sovereign immunity defense. Plaintiffs support this assertion by detailing the arguments Defendants put forward in their motion to dismiss based on sovereign immunity. According to Plaintiffs, those arguments only addressed Plaintiffs' ADA claims and

6

their § 1983 claims for prospective injunctive relief, and not their § 1983 claims for declaratory judgment.  The Court declines to read Defendants' motion so narrowly.  Though both Defendants' motion and the Court's order discussed the injunctive relief sought in greater detail than the claims for declaratory relief, Defendants' motion clearly sought to dismiss Plaintiffs' entire complaint, and did refer to the Plaintiffs' claims for declaratory relief.  *See, Defendants' Motion to Dismiss Based on Sovereign Immunity*, at 14.  The Court finds that Defendants' motion to dismiss based on sovereign immunity addressed all of Plaintiffs' claims, that the Court's April 24 Order denied Defendants' sovereign immunity defense as to all of Plaintiffs' § 1983 claims and Plaintiffs' ADA claims against the state agency defendants,[2] and that, therefore, Defendants' appeal addresses a complete defense to this action.  Because Defendants appeal a defense to the entire action, their appeal of the Court's Order divests this Court of jurisdiction over the matter.  *Stewart*, 915 F.2d at 576.  On this basis, the Court will grant Defendants' motion to stay proceedings in this case pending the Tenth Circuit's appeal.

Plaintiffs' response to Defendants' second motion to stay notes that they are filing a Motion for a Certification of Frivolousness and asserts that were the Court to find Defendants' appeal frivolous, it would retain jurisdiction over the claims found frivolous.  Because the briefing in that motion is not yet final, the Court cannot rule on it at this time, and maintains that Defendants' appeal on the sovereign immunity issue does address all of Plaintiffs' claims.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery **[Doc. No.**

---

[2]The Court held that the Plaintiffs could not maintain their ADA claims against the individual defendants.

7

**78]** is hereby **denied as moot**; and Defendants' Motion to Stay All Proceedings Pending Appeal **[Doc. No. 82]** is hereby **granted**. This action is hereby **stayed** pending Defendants' appeal to the Tenth Circuit.

**DATED** this 9th day of May, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
Maureen A. Sanders
Duff Westbrook
Michael C. Parks
V. Colleen Miller
Sandra L. Gomez

Attorneys for Defendants:
Charles A. Pharris
Kurt Wihl
Gary J. Van Luchene
Robyn Hoffman
Barbara Glenn