IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEN LEWIS, AARON NORRID, BILLY JO
QUISENBERRY and FRED ROMERO, by and
through their legal guardian and next of friend
THE ARC OF NEW MEXICO, BREANNE
LIDDELL, by and through her parent and legal
guardian JUDY LIDDELL, MATTHEW ALLEN,
by and through his parents and legal guardians
JIM and ANGELA ALLEN, FAY MORGAN,
DEBORAH EMINGER and PROTECTION AND
ADVOCACY SYSTEM, INC.,

    Plaintiffs,

vs.                                                        No. CIV 99-0021 MV/RLP

NEW MEXICO DEPARTMENT OF HEALTH,
NEW MEXICO DEPARTMENT OF HUMAN
SERVICES, J. ALEX VALDEZ, Secretary of the
Department of Health and Secretary Designee of the
Department of Human Services in his official
capacities, and GOVERNOR GARY JOHNSON
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Certification of Frivolousness, filed June 6, 2000 **[Doc. No. 88]**. The Court, having considered the motion, response, reply, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **denied.**

### BACKGROUND

In this case, Plaintiffs, Medicaid-eligible individuals, allege that pursuant to the Medicaid Act, they are entitled to less restrictive home and community-based services with "reasonable

1

promptness," 42 U.S.C. § 1396a(a)(8), instead of the institutional care they now receive, but that they have been on waiting lists to receive these less restrictive waiver services for as many as seven years. They have named as defendants the New Mexico Department of Health ("DOH") and the New Mexico Department of Human Services ("HSD") – the departments responsible for implementing the waiver program for persons with disabilities and for administering New Mexico's Medicaid program, respectively. Defendant J. Alex Valdez is sued in his official capacities as Secretary of DOH and Secretary-Designee of HSD. Lastly, Gary Johnson, Governor of New Mexico, is sued in his official capacity.

Plaintiffs complain that Defendants have failed to provide people with disabilities with the Medicaid waiver programs to which they are entitled, in violation of the Medicaid Act, 42 U.S.C. §§ 1396 *et seq.* and implementing regulations; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§1201 *et. seq.* and implementing regulations; and procedural and substantive due process under the Fifth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983. Defendants previously moved to dismiss the action, claiming sovereign immunity under the Eleventh Amendment and arguing that Plaintiffs cannot state a claim upon which relief can be granted. In addition, Defendant Governor Johnson moved to dismiss for failure to state a claim against him.

In its Amended Memorandum Opinion and Order of April 24, 2000, the Court held that individuals could not be sued under Title II of the ADA and therefore dismissed the ADA claims against the individual defendants. In analyzing the sovereign immunity issues, the Court held that the ADA claims could be maintained because Congress abrogated the states' Eleventh Amendment sovereign immunity when it enacted the ADA. Moreover, the Court held that the § 1983 claims against the state officials are covered by the *Ex parte Young* doctrine, under which the Eleventh Amendment does not bar a suit for prospective injunctive relief against a state official who violates federal law. *Ex parte Young*, 209 U.S. 123, 158-59 (1908). The Court

denied the motion to dismiss for failure to state a claim under Rule 12(b)(6).

Defendants have appealed "that portion of the Amended Memorandum Opinion and Order . . . denying Defendants' Motion based on Sovereign Immunity and other rulings from the same order over which the Court has pendent appellate jurisdiction." *Notice of Appeal,* at 1. Their appeal of the sovereign immunity ruling is based on the collateral order doctrine which permits parties to file interlocutory appeals of a district court's denial of sovereign immunity. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). Defendants moved for a stay of the proceedings pending appeal on May 5, 2000. Plaintiffs opposed the broad scope of Defendants' appeal in their response. Finding Plaintiffs' arguments unpersuasive, this Court granted Defendants' motion on May 9, 2000, thereby staying all proceedings pending appeal. Plaintiffs now move this Court to certify a portion of the Defendants' interlocutory appeal of this Court's Order as frivolous and dilatory.

## ANALYSIS

Plaintiffs argue that the portion of Defendants' interlocutory appeal of this Court's Order that appeals the determination that Defendants are not sovereignly immune from the Plaintiffs' non-ADA related injunctive relief claims is frivolous and dilatory. As Plaintiffs correctly point out, ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. However, in *United States v. Hines*, 689 F.2d 934 (10th Cir. 1982), the Tenth Circuit stated that the "divestiture of jurisdiction rule ... should not leave the trial court powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial thereof." *Id.* at 936-37. The purpose of the frivolousness exception to the jurisdictional rule is to prevent misuse of interlocutory review. *See Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1992). A district court, if it is to certify an appeal as frivolous, must hold a hearing, and then give

substantial reasons for concluding that the appeal is frivolous.  *See id.*

The Tenth Circuit has stated that "[a]n appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986). The Tenth Circuit in *Kamplain v. Curry County Board of Com'rs*, 159 F.3d 1248 (10th Cir.1998), stated that an appeal is not frivolous where an issue with the particular facts and context of a particular case has not been previously analyzed by the Tenth Circuit. *See id.* at 1253 n.6.  Therefore, this Court's obligation is twofold:  to determine if Defendants are merely using interlocutory review to stall litigation, rather than to pursue a legitimate review of this Court's Order, and to determine if the Defendants' arguments are wholly without merit.

Plaintiffs request that this Court certify that portion of Defendants' appeal that contends that the state officials are sovereignly immune from Plaintiffs' due process and Medicaid-related claims under § 1983.  Such a certification would allow Plaintiffs to proceed with the trial against the state officials in their official capacity while the action against DOH and DHS is stayed. However, this Court previously stayed the entire litigation pending appeal, on the ground that the Defendants' are appealing their defense to the entire action.  Therefore, with respect to the first inquiry, the Court has already implicitly found that Defendants are not appealing the § 1983 issues for dilatory reasons.  Trial will be delayed because of Defendants' non-frivolous appeal of this Court's denial of Eleventh Amendment immunity.

As to the second inquiry, the Court finds that Defendants' appeal is not wholly without arguable merit.  As the Tenth Circuit stated, the proper inquiry for this Court is whether the appeal is frivolous.  *See Stewart*, 915 F.2d at 576 n.4.  Litigants are entitled to argue "for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2).  Therefore, although this Court believes that the weight of authority goes against Defendants' arguments, Eleventh Amendment immunity is an ever-changing and always

contentious area of the law. Defendants are entitled to appeal this Court's ruling that the *Ex Parte Young* doctrine applies to deny sovereign immunity from Plaintiffs' § 1983 claims. Because the Court finds that the portion of Defendants' appeal dealing with the determination that Defendants are not sovereignly immune from the Plaintiffs' non-ADA related injunctive relief claims is not frivolous, it is not necessary for this Court to hold a hearing. *See Stewart*, 915 F.2d at 576.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Certification of Frivolousness is **denied.**

**DATED** this 1st day of March, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
Duff Westbrook
Michael C. Parks
V. Colleen Miller

Attorneys for Defendants:
Charles A. Pharris
Kurt Wihl
Margaret Davidson
Gary J. Van Luchene