IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEN LEWIS, AARON NORRID, BILLY
JO QUISENBERRY and FRED ROMERO,
by and through their legal guardian and next
friend THE ARC OF NEW MEXICO,
BREANNE LIDDELL, by and through her
parent and legal guardian JUDY LIDDELL,
MATTHEW ALLEN, by and through his
parents and legal guardians JIM and
ANGELA ALLEN, FAY MORGAN,
DEBORAH EMINGER and PROTECTION
AND ADVOCACY SYSTEM, INC.,

**FILED**
at Santa Fe. N.M

**OCT 2 1 2005**

MATTHEW J. DYKMAN
CLERK

       Plaintiffs,

vs.

No. CIV 99-0021 MV/JHG

NEW MEXICO DEPARTMENT OF
HEALTH, NEW MEXICO  DEPARTMENT
OF HUMAN SERVICES, J. ALEX VALDEZ,
Secretary of the Department of Health and
Secretary Designee of the Department of
Human Services in his official capacities, and
GOVERNOR GARY JOHNSON in his
official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Notice of Filing of Affidavit of

Cathy Stevenson [**Doc. No. 257**], filed October 3, 2005.  On September 7, 2005, the Court

entered its Memorandum Opinion and Order [Doc. No. 254], denying Plaintiff's *Corrected*

Motion to Show Cause.  The Court also directed Defendants to provide the Court with evidence

259

showing the Developmental Disability Waiver Program (DD Waiver) was in compliance with the Court's February 5, 2004 Judgment. Pursuant to the Court's directive, Cathy Stevenson, Deputy Director of the Long-Term Services Division (LTSD) of the New Mexico Department of Health (DOH), submitted an affidavit showing the DOH is administering the DD Waiver in compliance with the Court's February 5, 2004 Judgment. As Deputy Director of the LTSD, Ms. Stevenson oversees the DOH's administration of the DD Waiver, including oversight of expending the funds appropriated by the New Mexico State Legislature.

In 2004, the Legislature appropriated an additional $4.4 million for Fiscal Year 2005 to provide services to persons awaiting services under the DD Waiver. Based on calculations and estimates derived from actual average budget costs for individuals served by the DD Waiver in previous years and dividing an estimate of the state portion of that cost per individual served into the Fiscal Year 2005 appropriation of $4.4 million, 333 additional unduplicated recipients were allocated into services by the end of Fiscal Year 2005 (June 30, 2005). Ms. Stevenson attests to the fact that "no funds reverted [to the General Fund] at the end of fiscal year 2005." Stevenson Aff. ¶6.

In 2005, the Legislature appropriated an additional $2.0 million for Fiscal Year 2006 to provide services to persons awaiting services under the DD Waiver. Fiscal Year 2006 began on July 1, 2005. In order to maximize the persons served by the DD Waiver and expend all funds appropriated for Fiscal Year 2006 for the DD Waiver, LTSD looked at actual average budget costs for individuals served by the DD Waiver in previous years, just as it had done for Fiscal Year 2005, and divided the state portion of that cost per individual served into the Fiscal Year 2006 appropriation of $2 million. Using these figures, at least 177 individuals awaiting

services have already been allocated and moved into service or will be allocated and moved

into service before the end of Fiscal Year 2006 (June 30, 2006).  Defendants anticipate that no

funds will revert [to the General Fund] at the end of Fiscal Year 2006.  Stevenson Aff. ¶8.

Ms. Stevenson further notes that "even though DOH has served the maximum number

of individuals it can serve in FY05, with the funds appropriated by the Legislature specifically

for the DD Waiver for FY05, and will continue with the maximum possible increase in persons

that can be served by the legislative appropriations in FY06, DOH cannot spend all of the

additional DD Waiver funds appropriated for a particular fiscal year in that year."  Stevenson

Aff. ¶11.  This is because "[e]ven though DOH was able to serve the maximum number of

unduplicated individuals in FY05 that were able to be supported by the funds appropriated for

FY05, not all charges for those services were submitted by service providers within the fiscal

year, much less paid in the fiscal year."  *Id.*

The fact that DOH was unable to pay service providers for services provided in Fiscal

Year 2005 in the same fiscal year does not lead to the conclusion that DOH is not in

compliance with the Court's February 5, 2004 Judgment.  So long as the service is provided

during the fiscal year in which the funds are appropriated, it does not matter when the service

provider(s) is paid.  Once the service is provided, the funds required to compensate the service

provider(s) are committed in the fiscal year in which the service was provided.  Based on Ms.

Stevenson's affidavit, the Court finds that Defendants have shown they are in compliance with

the Court's February 5, 2004 Judgment.

**Dated** this _20_ day of October    2005.

3

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**


**Attorneys for Plaintiff:**
Duff Westbrook
Maureen Sanders
Nancy Koenigsberg


**Attorneys for Defendants:**
Kurt Wihl
Gary J. Van Luchene